165 So. 716

NUNEZ v. ACOSTA.

No. 33769.

Feb. 3, 1936.

E. L. Bordelon and H. W. & H. M. Robinson, all of New Orleans, for relatrix.

Hugh M. Wilkinson and Fred W. Oser, both of New Orleans, for respondent.

LAND, Justice.

Mrs. Beulah Nunez, widow of Simon Acosta, filed suit against Richard Acosta in the district court for the parish of St. Bernard, in her own behalf, and as natural tutrix of her minor child, Alvin James Acosta, to recover damages for herself individually in the sum of $20,000, and in the same amount for the use and benefit of her minor child, for the alleged felonious killing of her husband, Simon Acosta, by Freddie Acosta, the minor son of Richard Acosta.

On the morning of the day fixed for trial, plaintiff's counsel filed a motion suggesting to the court that, since the filing of the suit, plaintiff had remarried, and that the

proceedings should thereafter be conducted in the name of Mrs. Beulah Nunez, wife of John Bernard Redman. The petition was amended accordingly.

Counsel for defendant thereupon objected to further prosecution of the suit by plaintiff in her capacity as natural tutrix, on the ground that plaintiff and her husband were residents of the state of Texas, and that plaintiff, by absenting herself from the state of Louisiana, had forfeited the natural tutorship of her minor child and could not further prosecute the suit in that capacity.

A continuance was granted for the purpose of taking evidence as to the facts of the case and of furnishing the trial judge with authorities on the subject.

After hearing the evidence adduced as to the residence of plaintiff and her husband, and, after considering the authorities submitted by counsel for each side, the trial judge sustained the objection of counsel for defendant.

Thereupon, plaintiff applied to this court, under our supervisory jurisdiction, for a writ of certiorari, which was granted.

It is provided in article 314 of the Civil Code that: "If the tutor shall die or absent himself from the State after his appointment, another tutor shall be appointed in his stead by the judge, in the form prescribed."

██ Plaintiff, the tutrix of the minor, is only 18 years of age. She has lived in the parish of St. Bernard all her life.

She married her first husband, Simon Acosta, in that parish, and the matrimonial domicile was established there.

Upon the death of her husband, she was confirmed as natural tutrix of her minor child in the district court of St. Bernard parish.

In May, 1935, plaintiff married John Bernard Redman in that parish. He is engaged in the business of building oil rigs, and travels from place to place as employment is offered. He came to St. Bernard parish to work there on a rig job. He worked about a year on that job, and about a month on a similar job at Slidell, La. At the time of the trial of this case, he was out of work, and was at his mother's in St. Joe, Tex., and plaintiff was there with him.

He left the state looking for work about three months after his marriage to plaintiff. He testified that his mother's home was not his home, and that, when he married plaintiff, he intended to make his home in St. Bernard parish.

Both plaintiff and her husband testify that they had not left the state permanently, but were on a visit to the mother of Redman at St. Joe, Tex. The fact that the minor was left with his grandparents in St. Bernard parish confirms this statement. The minor has never been out of the state.

The domicile of the tutrix is the domicile of the minor, and that domicile is clearly shown to have been established in St. Bernard parish; and, in our opinion, defendant has failed to prove that this domicile has been changed to the state of Texas.

Our conclusion is that the ruling or judgment of the lower court, holding that plaintiff and her husband are residents of the

state of Texas, and that plaintiff has thereby forfeited the tutorship and cannot prosecute this suit as natural tutrix, is erroneous.

It is therefore ordered that the ruling or judgment of the district court for the parish of St. Bernard herein rendered be, and is hereby, set aside.

It is now ordered that Hon. Claude Meraux, judge of the Twenty-Fifth judicial district court, in and for the parish of St. Bernard, recognize relator, Mrs. Beulah N. Redman, as the duly qualified tutrix of her minor child, Alvin James Acosta, and, as such, duly qualified to prosecute this suit and stand in judgment; that this case be reinstated on the docket of the lower court, and be proceeded with in due course, and in accordance with the views herein expressed; and that defendant, Richard Acosta, pay the costs of this proceeding.